Filed 7/30/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of CHRISTOPHER DALE OLSON and HEATHER RAE OLSON. _____ CHRISTOPHER DALE OLSON,        Petitioner,    v. THE SUPERIOR COURT OF LOS ANGELES COUNTY,        Respondent; HEATHER RAE OLSON,        Real Party in Interest. | B258767 (Los Angeles County Super. Ct. No. YD060250) |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  John Slawson, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Petition denied.

Rombro & Associates, S. Roger Rombro, Melinda A. Manley, and Kelly A. Tufts for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

_____

Christopher Olson filed for divorce from Heather Olson, requesting joint custody of their two young children.[1]  Heather did not respond, and a default judgment of dissolution, including a custody order, was granted.  Over a year later, Heather petitioned for a modification of the custody order.  Christopher objected, contending that because the default judgment remained in effect, Heather lacked standing to request a modification.

The trial court ruled that Heather did have standing to seek the modification and ordered the couple to participate in a parenting plan assessment program.  Although this order is not appealable, we exercise our discretion to treat this appeal as a petition for a writ of mandate and deny the petition.

We hold that a parent has standing under Family Code section 3087 to request a modification of a child custody judgment notwithstanding that the judgment sought to be modified was a default judgment taken against the parent who is petitioning for the change.

## FACTS AND PROCEEDINGS BELOW

On October 12, 2011, Christopher filed a petition for dissolution of marriage to obtain a divorce from Heather, his wife of nine years.  Heather did not file a response, and on February 19, 2013, the court granted the divorce in a default judgment.  Heather was present in court as a witness.  The court granted a judgment of dissolution of the marriage and granted the parties joint legal custody of their twin seven-year-old daughters.  Each parent was entitled to physical custody of the children approximately half the time.  The judgment reserved spousal and child support to be determined at a later date.

The relationship between Christopher and Heather subsequently deteriorated, and in June 2014, Heather filed a petition to modify joint custody.  Heather proposed that Christopher have custody of the twins only on Thursday nights and alternate weekends.

---

[1]  We refer to the parties as Christopher and Heather for clarity. No disrespect is intended.

2

The remainder of the week, they would stay with Heather. Christopher opposed Heather's request, arguing for the existing joint custody schedule to remain in effect.

Christopher also filed a separate petition in which he contended that because the divorce judgment was granted by default judgment against Heather, Heather lacked the standing to request a change in the judgment, and that the court lacked jurisdiction to consider her petition.

On August 20, 2014, the court denied Christopher's petition, ruling that Heather did have standing, and the court did have jurisdiction to decide her petition. The court also ordered Christopher and Heather to attend a two-day parenting plan assessment to attempt to work out their disagreements. The court declined to rule on the financial aspects of Heather's petition until the custody matter was resolved.

On September 9, 2014, Heather filed a motion requesting child support from Christopher. The next day, September 10, Heather filed a petition requesting that the court order Christopher to produce documents in response to a discovery request. On the same day, Christopher filed a notice of appeal from the court's order accepting jurisdiction and proceeding on the merits of Heather's child custody request.

After participating in the parenting plan assessment, the parties agreed to a stipulated order, filed October 16, 2014, which confirmed the existing joint custody schedule as had been provided in the default judgment. The court entered this stipulated order.

## DISCUSSION

1. *Appealability and Mootness*

The order from which Christopher has appealed is not appealable. Under Code of Civil Procedure section 904.1, subdivision (a)(2), a party may appeal "[f]rom an order made after a [final] judgment." However, not every order following a final judgment is appealable. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651.) To be appealable, a postjudgment order must "'either affect the judgment or relate to it by enforcing it or staying its execution.'" (*Id.* at pp. 651-652, quoting *Olson v. Cory* (1983)

3

35 Cal.3d 390, 400.)  In particular, postjudgment orders that "lack[] finality in that they [are] also preparatory to later proceedings" fail this test and are not appealable. (*Lakin*, at p. 653.)  In divorce cases, this rule has been applied to dismiss appeals from orders that contemplated further proceedings.  (E.g., *In re Marriage of Levine* (1994) 28 Cal.App.4th 585, 589; *In re Marriage of Ellis* (2002) 101 Cal.App.4th 400, 403.)  For example, in *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1218, the court held that a postjudgment court order approving an arbitration award was not appealable because it required the appointment of a forensic accountant to calculate the amount of the award.  The decision as to the amount of the award would not become final until adopted by the judge, and the order would not become final and appealable until then. (*Ibid.*)

In this case, Christopher did not appeal from a court order finally approving or denying a modification of custody, but rather from an order that the parties attend a parenting plan assessment.  This order was "preparatory to [a] later proceeding[]" and therefore not appealable.  (*Lakin v. Watkins Associated Industries*, *supra*, 6 Cal.4th at p. 653.)

Nevertheless, we will decide this case on the merits.  This case presents "unusual circumstances" in which an appellate court may exercise its "discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate." (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367.) As in *H. D. Arnaiz, Ltd. v. County of San Joaquin*, the record in the current case is sufficient, there is no indication that the trial court will appear in the writ proceeding, and, most importantly, dismissing the appeal at this point would be "'"'unnecessarily dilatory and circuitous. . . .'"'" (*Id.* at p. 1367.)  Christopher has opposed three separate requests by Heather on the grounds of standing, and there is every indication Christopher will continue his opposition in the case of all future similar requests.  Thus, it is in the interests of judicial economy to decide this case on the merits.

4

For similar reasons, we will decide this case on the merits even though we could dismiss it as moot. "A question becomes moot when, pending an appeal from a judgment of a trial court, events transpire which prevent the appellate court from granting any effectual relief. [Citation.]" (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566.) Here, the court ordered the same child custody arrangement as contained in the original default judgment. Because the trial court granted Christopher's request regarding the custody arrangement, there is no "effectual relief" we can provide to Christopher. (*Ibid*.) However, "[i]f an action involves a matter of continuing public interest and the issue is likely to recur" (*Liberty Mut. Ins. Co. v. Fales* (1973) 8 Cal.3d 712, 715-716), or if "'there is a distinct possibility that the controversy between the parties may recur'" (*Westchester Secondary Charter School v. Los Angeles Unified School District (2015)* 237 Cal.App.4th 1226, 1233, fn. 2, quoting *Bullis Charter School v. Los Altos School Dist.* (2011) 200 Cal.App.4th 1022, 1034), an appellate court may decide an issue that would otherwise be dismissed as moot. (*Ibid*.) Both circumstances are present here.

2.      *Modification of Custody Following a Default Judgment*

Christopher claims that the trial court's entry of a default judgment against Heather bars Heather from seeking a modification of the joint custody arrangement unless she first obtains relief from the default judgment. We disagree.

Christopher argues that this case should be viewed as if it were any other civil dispute. He relies on Family Code section 210, which provides that unless another law or rule specifies otherwise, family court cases are governed by the same procedural rules as civil cases generally. Because a defendant in a civil case who has had a default judgment against her may not file pleadings or take further steps in the case while the default judgment remains in effect (*Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385-386), Christopher contends that Heather has no standing to seek a modification of the joint custody arrangement ordered in the default judgment.

We disagree. The supervision of the custody of children is fundamentally different from other court functions. The court's primary concern must be the well-being

5

of the children, not the preferences of the parties themselves. (See Fam. Code, § 3020, subd. (a); *In re Marriage of Goodarzirad* (1986) 185 Cal.App.3d 1020, 1026 ["The entire scheme underlying custody decrees is that primary consideration must be given to the welfare of the child."].) For this reason, the court retains jurisdiction of a divorce case in order to supervise issues such as custody: "The court may, during the pendency of a proceeding *or at any time thereafter*, make an order for the custody of a child during minority that seems necessary or proper." (Fam. Code, § 3022, italics added.) The court's power to order modifications of custody for the benefit of children when circumstances change must take precedence over the wishes of the parents. (*In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 957.)

Indeed, the Family Code expressly authorizes parents to seek modifications: "An order for joint custody may be modified or terminated upon the petition of one or both parents or on the court's own motion if it is shown that the best interest of the child requires modification or termination of the order." (Fam. Code, § 3087.) Nothing in this section or any provision of the Family Code suggests that it does not apply in cases where a divorce was granted via default judgment. To the extent that this provision conflicts with the general rules applicable to default judgments, the "general . . . provision must yield to one that is special." (*Kroupa v. Kroupa* (1949) 91 Cal.App.2d 647, 651 [court's statutory authority to modify alimony decisions takes precedence over the general rules regarding default judgments]; see also Fam. Code, § 210 ["*Except to the extent that any other statute or rules adopted by the Judicial Council provide applicable rules*, the rules of practice and procedure applicable to civil actions generally . . . apply to, and constitute the rules of practice and procedure in, proceedings" in family court (italics added)].)

As Christopher notes, the case law regarding custody disputes after default judgments is sparse.[2] The relevant cases that exist suggest that a default divorce judgment does not bar the defaulted parent from petitioning the court regarding custody. In *Osgood v. Landon* (2005) 127 Cal.App.4th 425, the court decided on the merits an ex-husband's petition to prevent his ex-wife from moving with their child out of state. The court was aware that the man had been defaulted in his divorce proceeding, but it did not question his right to petition the court regarding the custody arrangement. (See *id.* at pp. 432-437.) As early as 1947, Justice Traynor recognized in an analogous case that the existence of a default divorce judgment did not prevent the court from using its jurisdiction to modify a spousal support award. (See *Bowman v. Bowman* (1947) 29 Cal.2d 808, 814 (*Bowman*), abrogated on other grounds by *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1168-1170.) In *Bowman*, the defendant husband sought to have a default judgment of divorce set aside in order to challenge an award that the court characterized as support and maintenance. (*Bowman*, at pp. 811-812.) The court ruled that he had waited too long after the entry of default to attack the default judgment. (*Id.* at p. 813.) The court recognized, however, that in spite of the default, it had continuing jurisdiction to modify spousal and child support decrees in cases where a party could demonstrate changed circumstances.[3] (*Id.* at p. 814.)

Christopher suggests that if his position were adopted, Heather would not necessarily be barred from obtaining a modification of the joint custody order because Heather could petition the court for relief from the default judgment. But relief from the

---

[2] Christopher cites several divorce cases in which a default judgment must be set aside before the court will consider any modifications: *In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051; *Holsinger v. Holsinger* (1950) 95 Cal.App.2d 835; *In re Marriage of Park* (1980) 27 Cal.3d 337; and *Deyl v. Deyl* (1948) 88 Cal.App.2d 536. These cases are not directly applicable, however, because in each of them, the defaulted party sought to overturn the entire judgment of divorce or to reopen the distribution of marital property, not merely to modify custody or support.

[3] In that case, the jurisdiction was conferred by Civil Code section 139, predecessor to today's Family Code section 4336.

7

default is not what Heather sought. She did not ask that the dissolution of the marriage be set aside.

Christopher also argues that Heather should have obtained a court order before attempting to obtain discovery from him. Heather's motion to compel discovery was filed on September 10, 2014, the same date that Christopher filed his notice of appeal. The record does not contain the trial court's ruling on this issue. Because any ruling on Heather's discovery motion came after Christopher initiated this proceeding, the issue is not before us.

## DISPOSITION

Having treated this appeal as a petition for a writ of mandate, we deny the petition. Petitioner is to bear his own costs.

<u>CERTIFIED FOR PUBLICATION</u>.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


JOHNSON, J.

8