Filed 7/15/21  Wright v. Bryant CA6
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CHARLES WRIGHT,<br><br>      Appellant,<br><br>      v.<br><br>SARAH BRYANT,<br><br>      Respondent. | H047512<br>(Monterey County<br> Super. Ct. No. PT2810) |

Representing himself, appellant Charles Wright appeals the denial of his request to modify an existing child custody and visitation order.  For the reasons explained below, we affirm the trial court's order.

## I.  FACTS AND PROCEDURAL BACKGROUND[1]

### A.  *Child Custody and Visitation*

Charles Wright is the father of two children, a daughter age 11 (daughter) and a son age 9 (son).[2]  In 2012, Wright initiated proceedings in the trial court by filing a

---

[1] Our summary of the facts and procedural background is drawn from the limited clerk's transcript, consisting of the parties' declarations and documents, filed in the trial court in support of and in opposition to the request to modify custody and visitation, the trial court's order after hearing on the requested modification, the trial court's original custody and visitation order, and the register of actions in the trial court.

[2] To protect the personal privacy interests of the children, we do not use their names.  (Cal. Rules of Court, rule 8.90(b)(1).)

petition to establish parental relationship. In August 2014, the trial court issued a child custody and visitation order concerning Wright's daughter and son (together, the children) following a hearing (hereafter, the August 2014 order).[3]

The August 2014 order awarded both legal custody and physical custody of the children to their mother, Sarah Bryant. It established a detailed visitation schedule for Wright, consisting of Sunday visitation (alternating weekly between Sunday from 1:00 p.m. to 8:00 p.m. and Sunday from 1:00 p.m. to Monday at 12:00 p.m.), as well as on certain holidays and on each child's birthday in odd numbered years. It also specified that "[p]arents shall advise the other immediately of any medical issues, and also of any other important developmental issue or possible activity for the children." And it set ground rules regarding the custody exchange and limiting communication between Wright and Bryant.

A notation in the August 2014 order states the custody award is "temporar[y] [and] without prejudice." (Capitalization Omitted.) However, as we explain in our discussion of jurisdiction (part II.A, *post*), we treat the August 2014 order as a final judgment as to custody, consistent with its apparent operation over the years and the understanding of the parties.

B. *Request to Modify Custody and Visitation*

In May 2019, Wright filed a request to modify the August 2014 order, stating he would like to be able to take the children to the doctor and asking for visitation "every other weekend." Wright wrote that he "was refused treatment" by the hospital for his daughter. Wright states in his opening appellate brief that a court commissioner "dismissed" his modification request, though the record does not reflect any dismissal.

---

[3] Pursuant to California Rules of Court, rule 8.155(a), the court on its own motion orders the record augmented to include the trial court's August 22, 2014 Findings and Order After Hearing (August 2014 order).

In July 2019, Wright filed another, more detailed request to modify the child custody and visitation order from August 2014.  Wright sought to change legal custody to 50 percent, citing problems he had encountered when taking daughter to the doctor, and his inability to find out about the children's school records, sports, and activities.  Wright stated that the children's mother was trying to keep him from having a relationship with the children.

In a supporting declaration, Wright attested that the children have not been able to meet or visit with family members from his side of the family, who live out of the area.  Wright would like additional visitation to allow for these family visits, as well as to enable him to put the children in swimming lessons, which the current visitation schedule cannot accommodate.  Wright claimed that Bryant has prevented him from attending events for the children and has refused his offers to spend additional time with them, even to help their son when he was having issues at school.  Wright also stated that he heard Bryant threaten to " 'take [her] anger out on the kids' " at a visitation exchange on Father's Day of June 2019, when Bryant was several hours late in dropping off the children and Wright had to call the police to contact her.

Wright attested that he was seeking shared legal custody because he was otherwise unable to get information about the children, such as their school or medical records.  Wright's declaration described two incidents in which he sought medical care—once for son whose finger was swollen and hurting, and once for daughter who had a cut on her shin that had become infected.  According to Wright, son received an X-ray and splint for the sprained finger, and daughter was prescribed antibiotics for the infection; however, when Bryant learned of the urgent care visits, she went to urgent care to explain that only she has legal custody and the urgent care should not treat the children if Wright brings them in.  Wright stated that Bryant refuses to let him speak to the children and wrongly accuses him of threatening her and being uncooperative.

3

## C. Opposition to Modification Request

Bryant filed a responsive declaration opposing the request to modify custody and visitation. Bryant attested that she believes joint legal and physical[4] custody would not be in the best interest of the children, that joint physical custody "would create substantial instability" for them, and that there had been no change in circumstance to warrant a change in custody. According to Bryant, the children have lived in the same residence since 2010, have attended the same school since kindergarten, remain on her medical insurance as they have since birth, and her income is stable. Bryant stated that she and Wright "still are unable to communicate or co-parent" and argued that the "drastic change and differences between one home to another constantly for extended periods of time without communication would cause inconsistency, difficulties in parenting, and would exacerbate any problems and confusion[] for the children."

Regarding joint legal custody, Bryant attested that Wright had threatened "many times" to withdraw the children from school, had a history of taking the children to the doctor over minor issues without contacting her, and would use her medical insurance, change chart information, give false narratives, and unilaterally make medical decisions for the children. Bryant asserted that she has tried to make sure Wright is informed about the children's activities or any major issues. Bryant also implied that Wright began seeking custody only to evade the county's child support order in August 2017, with the current modification request marking the fourth time Wright "has filed for custody" since 2017.[5]

---

[4] We construe Bryant's comments regarding "joint physical custody" as pertaining to Wright's request for increased visitation and time with the children, since his request for a change order appears to seek only joint legal custody and increased visitation.

[5] According to the register of actions included in the clerk's transcript on appeal, Wright has filed requests to modify child custody and visitation four times since August 2017.

4

Bryant provided a timeline and responsive explanation for each incident cited by Wright in his declaration. She specifically addressed an incident in May 2019 when Wright had called the sheriff's department to conduct a welfare check on daughter, who was home sick with a doctor's note. Bryant also explained the incident on Father's Day of June 2019, in which she acknowledged that she had mistakenly confused the drop off time and had apologized to Wright, who nevertheless insisted on calling the police and then made "a scene in front of the police with the children in his car." Bryant stated that she was "mad" when Wright returned the children to her later that day but denied taking her anger out on the children as Wright claimed.

Bryant also responded specifically to the medical instances cited by Wright in his declaration. She denied instructing the urgent care against treatment, stating instead that after driving there to seek an explanation of son's injury and treatment, she "provide[d] a copy of the custody order to prevent problems under [her] medical insurance and records." In a later incident, she learned that Wright had brought daughter to urgent care around 10:00 a.m., during school hours. When urgent care informed Bryant and told her it was not urgent, she asked Wright to bring daughter to school. The urgent care called her again one hour later to inform her they had called the police because Wright had refused to leave; she learned that Wright had next taken daughter to the emergency room and had not dropped her at school until 2:30 p.m.

*D. Reply in Support of Modification Request*

Wright replied to Bryant's opposition in a further declaration. Wright argued that joint custody would not cause "substantial instability" in the children's lives but rather would allow him to have a relationship with the children. Wright disputed the veracity of Bryant's statements regarding income stability and source of medical insurance. He stated that even when the children tell him what they need, Bryant refuses to allow anything he buys for them into her house, including school supplies, clothes, shoes, and jackets. Wright attested he has text messages to show he has tried to talk to Bryant about

5

sending the children to school with no coats and torn sneakers, but she will not allow him to give them better clothes or shoes. Wright disputed that he had ever threatened to withdraw the children from school, stating he had asked about transferring them to a school in Santa Cruz.

Wright responded specifically to Bryant's statements about the medical and custody exchange incidents, explaining that the infection on daughter's leg was so serious that it required antibiotics as prescribed by the emergency room, that he called the sheriff to conduct a welfare check on daughter in May 2019 only after Bryant did not respond to his questions about why daughter was not in school, and that he did not make a scene at the exchange on Father's Day of June 2019 but was forced to call the police because Bryant did not answer her phone until about 1:30 p.m. when the exchange time was 10:00 a.m. Wright attached documentation of the emergency room visit with daughter and the antibiotics prescribed. He suggested that the court "speak to the children."

*E. Order Denying Modification Request*

The trial court issued an order on October 1, 2019, after a hearing on September 12, 2019, at which both parents were present (October 2019 order). Neither parent was represented by counsel at the hearing, which was apparently unreported.

The October 2019 order (1) denied Wright's request to modify child custody and visitation, and (2) ordered Bryant to provide Wright with certain school and medical records. Specifically, it stated that Bryant "shall send [Wright] copies of any available school records and/or medical records in writing on a monthly basis." It otherwise gave no explanation of the rulings and made no express findings.

Wright timely filed a notice of appeal from the trial court's October 2019 order and elected to proceed without a record of the oral proceedings or settled statement about the hearing.

## II. DISCUSSION

Wright raises several issues in his opening brief on appeal. Bryant, as the respondent, has not participated in this appeal.

We note at the outset that it is unclear from the available record whether the order denying Wright's modification request is, in fact, an appealable order. We take up the jurisdiction question first.

A. *Jurisdiction*

A reviewing court only has jurisdiction over a direct appeal when there is (1) an appealable order or (2) an appealable judgment. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 (*Griset*).) Because the existence of an appealable judgment or order "is a jurisdictional prerequisite to an appeal" (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126), a reviewing court must resolve any doubts regarding finality of a judgment or appealability of an order before turning to the merits of the appeal. (*Ibid.*)

Whether a trial court's order is appealable is determined by statute. (*Griset*, *supra*, 25 Cal.4th at p. 696.) Code of Civil Procedure section 904.1 is the main statutory authorization for civil appeals. (*Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377 (*Enrique M.*).) It provides in relevant part that an appeal may be taken from a final judgment (Code Civ. Proc., § 904.1 subd. (a)(1)), an order made after an appealable judgment (Code Civ. Proc., § 904.1, subd. (a)(2)), or "an order made appealable by the provisions of the . . . Family Code" (*Enrique M.*, at p. 1377; Code Civ. Proc., § 904.1, subd. (a)(10)).

Under the Family Code, "the right to appeal a child custody determination is generally limited to final judgments and orders made after final judgments." (*Enrique M.*, *supra*, 121 Cal.App.4th at p. 1377.) A temporary custody order, which is made "with the intent that it will be superseded by an award of custody after trial" (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1090), is therefore nonappealable. (*Ibid.*; accord *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 558.) It follows that an order modifying (or, as in

7

this case, denying modification of) a final or permanent custody order may be appealable as "an order made after a judgment" (Code Civ. Proc., § 904.1, subd. (a)(2)), but a modification order is not appealable if the underlying order assigns only temporary custody. Nevertheless, reviewing courts may treat initial custody orders as final judgments as to custody under certain circumstances. (See, e.g., *Enrique M.*, *supra*, 121 Cal.App.4th at pp. 1377–1378; *Sarah B. v. Floyd B.* (2008) 159 Cal.App.4th 938, 940, fn. 2.)

Here, Wright requested modification of a prior custody and visitation order—specifically the August 2014 order—which the trial court entered after a hearing on July 31, 2014. As described above, the August 2014 order awarded both legal custody and physical custody of the children to Bryant, provided a detailed visitation schedule for Wright, and specified some rules for communication between the parties. Although the notation in the August 2014 order stating that custody of the children "is awarded . . . temporarily [and] without prejudice" (capitalization omitted) suggests the order was not entered at the time as a final judgment, several factors lead us now to construe the August 2014 order as a final judicial custody determination.

First, the August 2014 order followed nearly two years of proceedings (according to the register of actions) from Wright's initial petition to establish parental relationship and filing of an order to show cause as to custody and visitation, including a referral to mediation and consideration of the resulting recommendations. Both parents were present at the July 31, 2014 hearing that resulted in the August 2014 order, as was the family court services liaison. Although the order indicated it was temporary, the trial court did not set a further hearing or identify any issues that remained for resolution. In fact, there were no further proceedings regarding custody or visitation for more than three years after the issuance of the August 2014 order, until Wright filed his first modification request in August 2017, after the Department of Child Support Services filed a notice regarding payment of support.

Second, both sides in this matter appear to have treated the August 2014 order as a final custody judgment. In his requests to modify custody and visitation, Wright identified the August 2014 order as the order governing custody and visitation. Bryant, in her responsive declaration opposing Wright's current modification request, argued that "[t]here has been no change in circumstance to warrant a change in custody." According to Wright's opening brief on appeal, the trial court also cited the absence of any change in circumstance as the basis for denying his modification request.

Changed circumstance applies, as a rule, " 'whenever [final] custody has been established by judicial decree.' " (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 256.) In other words, the trial court at a contested custody hearing "has ' "the widest discretion to choose a parenting plan that is in the best interest of the child" ' " (*ibid.*), but "once a final judicial custody determination is in place[,] . . . a party seeking to modify a permanent custody order can do so only if he or she demonstrates a significant change of circumstances justifying a modification." (*Ibid.*) Here, both parties, as well as the trial court, appear to have applied the changed circumstance rule to Wright's showing in support of his modification request. This history is consistent with a decision to treat the August 2014 order as a final judicial custody determination.

Third, Wright's notations on the notice of appeal and civil case information statement filed in this case further suggest that he understood the August 2014 order to be a "judgment after court trial" and the October 2019 order to be the "order appealed from." California law requires that we construe the notice of appeal liberally to preserve the right of review and protect the right of appeal, so long as it does not appear the respondent has been misled or prejudiced. (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882–883; see Cal. Rules of Court, rule 8.100(a)(2).) Bryant, as the respondent in this case (though she has not participated in the appeal), would be neither prejudiced nor misled by construing the notice of appeal as taken from an appealable, postjudgment order, given all indications that she, too, interpreted the August 2014

9

custody and visitation order as a final custody judgment, which "the court need not reconsider in the absence of changed circumstances." (*In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, 1088, fn. 2.)

For these reasons, we conclude that the August 2014 order constituted a final judicial custody determination. Consequently, the October 2019 order denying modification of the August 2014 order may be properly construed as an order after judgment, appealable under Code of Civil Procedure, section 904.1, subdivision (a)(2). We now turn to Wright's arguments on appeal.

B. *Request to Modify Custody and Visitation*

Wright contends that he deserves more visitation time with the children and 50 percent legal custody. He questions why the trial court gave 100 percent legal custody to Bryant—an argument that appears to be aimed at the trial court's August 2014 custody order—and asserts that his legal rights to his children were taken away without explanation. Wright maintains that the trial court failed to recognize many changes in circumstance since the August 2014 order, including the problems he has had getting information from Bryant and procuring medical care for the children. Wright states that the trial court told him that he may be deemed a vexatious litigant and could lose some of his visitation time if he files again for custody, since his actions "disturb" Bryant. Wright submits that the court should not deny him visitation simply because it disturbs Bryant for him and his family to have a better relationship with the children. After the filing of his opening brief in this appeal, Wright filed an additional, detailed letter with this court in which he expressed concern for his children's living situation and for their safety and well-being under the current custody arrangement.

Wright's contentions reflect his frustration and dissatisfaction with the trial court's rulings regarding custody and visitation but do not establish error under the principles of appellate review.

10

The general rule of appellate review is that a reviewing court examines the correctness of a judgment or order based upon a record of those matters that were before the trial court for its consideration. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) This means that the appellate court will only consider matters that were part of the record at the time the judgment or order was entered and will disregard statements of fact or factual assertions that are not supported by references to the record from the trial court. (*McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.) Wright, although self-represented, must still follow these rules. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

We also are required, under the principles of appellate review, to presume the trial court's order was correct. As the appellant, Wright must show error based on the documents from the trial court that he has provided as part of the record on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) This is a difficult burden to meet, especially where, as here, the appellant is proceeding without a reporter's transcript of the trial court proceedings (or there was no court reporter present to begin with) and has not requested a suitable substitute, such as a settled statement.[6]

In this case, the record does not allow for meaningful review (*Jameson*, *supra*, 5 Cal.5th at p. 609) in that it presents nothing more than the competing assertions of each side, in the form of declarations to the trial court. The trial court's primary concern in

---

[6] A settled statement is a summary of the trial court proceedings approved by the trial court, which an appellant may elect to use if the designated oral proceedings in the trial court were not reported by a court reporter, or if the appellant has an order waiving his or her court fees and costs. (Cal. Rules of Court, rule 8.137(b)(1).) A party has the right to request a settled statement, which summarizes the relevant proceeding in the trial court, or to request a statement of decision, in which the trial court explains the basis for its ruling. (See Cal. Rules of Court, rule 8.137(b)(1) [procedure for obtaining a settled statement]; Fam. Code, § 3022.3 [procedure for obtaining a statement of decision].)

child custody and visitation matters is the well-being of the children, not the preferences of the parents. (*In re Marriage of Olson* (2015) 238 Cal.App.4th 1458, 1463 (*Olson*).) The Family Code authorizes the trial court to make an order for the custody of a child, including to modify a custody order, whenever such modification "seems necessary or proper." (Fam. Code, § 3022.) Under the changed circumstance rule, "custody modification is appropriate only if the parent seeking modification demonstrates 'a significant change of circumstances' indicating that a different custody arrangement would be in the child's best interest." (*In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 956 (*Brown & Yana*).)

For this court to reverse the trial court's decision here, Wright would need to show that the trial court abused its discretion in conducting its inquiry into the necessity of a modification (Fam. Code, § 3022) based on " 'a significant change of circumstances' " (*Brown & Yana*, *supra*, 37 Cal.4th at p. 956) such that joint legal custody and expanded visitation would be in the children's best interest. (See *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.)

But the pleadings and declarations in the record do not demonstrate either a significant change of circumstances for the children, or that the changes Wright desires would be in the children's best interest. Rather, the record shows that Wright and Bryant presented very different accounts of the incidents leading up to Wright's request to modify the longstanding custody and visitation arrangement. Unless there is something in the trial court record that shows otherwise, under the rules of appellate review we must presume that the trial court weighed the disputed facts and arguments of each side concerning custody, and in doing so focused not on the preferences of the parties but on the well-being of the children. (See *Olson*, *supra*, 238 Cal.App.4th at p. 1463.)

The October 2019 order supports this presumption. While the trial court did not explain its reasons for denying Wright's request, it did order Bryant to send Wright "copies of any available school records and/or medical records in writing on a monthly

12

basis."  By requiring Bryant to update Wright each month with any school and medical records, the trial court demonstrated that it had considered Wright's arguments and took into account his complaint that Bryant was not communicating about school and medical issues.  That the trial court ultimately did not adopt Wright's proposed changes to visitation and legal custody does not establish an abuse of discretion.

We are not persuaded by Wright's arguments on appeal that the trial court abused its discretion.  Wright asserts that there have been "a lot of changes" since August 2014 that support his showing of changed circumstance.  He points to his declaration in the trial court, in which he argued that he needed more visitation time to introduce the children to his side of the family and to enroll them in swim lessons, and that he needed joint legal custody to address problems accessing the school records and obtaining medical care.  However, Bryant submitted her own, contrary account of the communication and other problems between the parents, as described in detail above.  The trial court's power to evaluate changed circumstance and decide whether changes to custody, or visitation, would be in the best interest of the children "take[s] precedence over the wishes of the parents."  (*Olson*, *supra*, 238 Cal.App.4th at p. 1464.)  It is implicit in the trial court's October 2019 order that it did not find a change in circumstance justifying a change in custody, or that a change in custody or visitation would serve the best interests of the children.  Given the conflicting evidence and applying all presumptions in favor of the trial court's action, we conclude the trial court did not abuse its discretion.

On appeal, Wright also states the trial court had no reason "to take away" his legal rights to the children.  But the only matter on appeal is that which was before the trial court.  The trial court's refusal to alter the custody and visitation order did not "take away" or change Wright's legal rights to the children but retained the same custody arrangement which has been in place since August 2014.  (See *Brown & Yana*, *supra*, 37 Cal.4th at p. 956.)

13

Wright also questions why the trial court has not explained its reasons for denying his requests or for purportedly implying that he might be deemed a vexatious litigant if he seeks to file another request to modify custody. However, without a transcript of the proceedings, or a settled statement or a statement of decision, this court is unable to exercise any meaningful review of whatever the trial court may or may not have said at the hearing or the reason for its ruling.

Finally, Wright claims in his separately filed letter that the living situation for the children has worsened, and he is concerned for their safety and health. However troubling they may be, we are unable to consider these new allegations. As noted above, the appellate court may consider only those matters that were part of the record at the time the trial court entered its judgment or order and will disregard statements of fact or factual assertions that are not supported by references to the record. (*McOwen v. Grossman*, *supra*, 153 Cal.App.4th at p. 947.) We will not consider on appeal any assertions of facts or circumstances not before the trial court at the time of its ruling.

### III. DISPOSITION

The October 1, 2019, order denying the request to modify custody and visitation is affirmed.

14

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P.J.



_____
Grover, J.


**H047512**
*Wright v. Bryant*