Filed 10/15/21  Marriage of Abdelrahman CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of STEPHANIE and REZK ABDELRAHMAN. | |
| STEPHANIE ABDELRAHMAN,<br><br>　　　Respondent,<br>v.<br><br>REZK ABDELRAHMAN,<br><br>　　　Appellant | E074840<br><br>(Super.Ct.No. RID1500436)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT

The petition for rehearing is denied.  The opinion filed in this matter on October 5, 2021 is modified as follows.

On page 16, in the first (partial) paragraph, replace:

> Rezk's counsel chose not to cross-examine her and let her be excused; thus, he forfeited the right to recall her.

with:

> Rezk's counsel cross-examined her, then let her be excused; thus, he forfeited the right to recall her.

1

Except for these modifications, the opinion remains unchanged.  This modification does not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ                        
P.J.

We concur:

MILLER                        
J.

CODRINGTON            
J.

cc:    See attached mailing list

MAILING LIST FOR CASE: E074840
In re the Marriage of Stephanie and Rezk Abdelrahman


Superior Court Clerk
Riverside County
P.O. Box 431 - Appeals
Riverside, CA 92502


Lawrence P. Hellmann
Hellmann Law Group
P.O. Box 3435
Vista, CA 92085


Rezk Abdelrahman
P. O. Box 511
Calcium, NY 13616

Filed 10/5/21  Marriage of Abdelrahman CA4/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re the Marriage of STEPHANIE and REZK ABDELRAHMAN. | |
| STEPHANIE ABDELRAHMAN, Respondent, v. REZK ADBELRAHMAN, Appellant | E074840 (Super.Ct.No. RID1500436) OPINION |

APPEAL from the Superior Court of Riverside County.  James H. Poole, Judge.

(Retired judge of the Orange County Super. Ct. assigned by the Chief Justice pursuant to

art. VI, § 6 of the Cal. Const.)  Affirmed in part and dismissed in part.

Rezk Abdelrahman, Appellant in pro. per.

Hellmann Law Group and Lawrence P. Hellmann for Respondent.

1

Rezk Abdelrahman appeals from orders that he pay his ex-wife Stephanie Abdelrahman child support and attorney fees. According to Rezk, in July 2016, he was in an accident that left him unable to work and forced him to subsist on $1,914 a month in disability payments; meanwhile, Stephanie became self-employed, with an income of $9,300 a month.

Rezk, however, has not given us an adequate record. We have a reporter's transcript from just one of the five days of trial; he has not had any of the exhibits properly transmitted to us. He does not cite the foregoing claims to the existing record.

It seems there is more to the story. The trial court found that Rezk was "very evasive in so many areas." It added, "What I have a real problem understanding, someone who can make their way to the courtroom every day and has a Ph.D. and has previously earned . . . $100,000 a year or more is unable to get any kind of job to support his children . . . ." It also noted that, while claiming that he could not work, Rezk was seeking to move to New York to invest in real property there.

It found that Rezk had not adequately accounted for the proceeds of a settlement arising out of his accident, nor for financial support that he was receiving from his new wife. It also found that he had placed properties "into his new wife's name," which "raises a significant red flag . . . ."

In the end, it imputed income of $40,000 a year to Rezk; it ordered counsel to meet and confer about the correct amount of child support, using Xspouse, based on its findings. It also ordered Rezk to pay $30,000 in attorney fees.

We will conclude that the trial court's order regarding child support is not appealable, because it contemplated further proceedings. We will also conclude that, to the extent Rezk is claiming there was insufficient evidence to support the attorney fee order, he has failed to provide an adequate record. To the extent that the record is adequate to allow us to review Rezk's other claims regarding the attorney fee order, we reject them.

I

STATEMENT OF THE CASE

Rezk and Stephanie were married in 2001. They had three children; two of the children are still minors.

Stephanie filed this divorce proceeding in 2015. In 2016, pursuant to a marital settlement agreement, the trial court entered a judgment of dissolution. It gave the spouses joint legal and physical custody of the children. It ordered Rezk to pay child support.

On December 19, 2016, Stephanie filed a Request for Order (RFO) to modify, among other things, child support, spousal support, and child custody and visitation.

On December 30, 2016, Rezk filed an RFO to modify child support, spousal support, and child custody and visitation.

On January 23, 2017, Stephanie filed a an RFO regarding enforcement of the marital settlement agreement, child support arrears, and attorney fees.

On September 7, 2017, Rezk filed an RFO regarding an unknown item of $30,000 and compensation for alleged financial losses.

On September 13, 2017, Rezk filed an RFO to modify child support and spousal support.

On November 16, 2017, Rezk filed an RFO regarding child custody and visitation.

On December 6, 2017, Rezk filed an RFO regarding child support.

On April 9, 2019, Rezk filed a "move-away" RFO.

These matters were continued repeatedly (indeed, almost unconscionably). Some of them were resolved, in part. Nevertheless, as best we can tell, the trial that eventually took place embraced all eight RFOs.

Trial began on December 11, 2019; it continued on December 12 and 13, 2019 and January 6 and 7, 2020. Both parties were represented by counsel.

At the end of the trial, the court imputed additional income of $40,000 a year to Rezk, starting in June 2018. It ordered counsel to meet and confer and "prepare a Xspouse calculation of the child support amount consistent with [the] orders and findings made today." It also ordered Rezk to pay $30,000 in attorney fees, payable at $1,000 a month.

## II

## THE CHILD SUPPORT RULINGS: APPEALABILITY

Rezk challenges the trial court's rulings regarding child support. In particular, he argues that it erred by imputing income to him; by making contradictory and illogical

4

findings; by failing to require Stephanie to introduce her tax returns and financial statements; by miscalculating Stephanie's income; and by failing to make findings regarding Stephanie's income. He also alleges that Stephanie and her counsel lied..

In his statement of appealability (see Cal. Rules of Court, rule 8.204(a)(2)(B)), he states that the child support rulings were final. They were not. The trial court made rulings regarding child support, including that Rezk had imputed income of $40,000 and that Stephanie's income was as stated in her income and expense declaration. It concluded, however, by ordering: "Counsel shall meet and confer, and prepare a Xspouse calculation of the child support amount consistent with [the] orders and findings made today."

In other words, it did not actually order Rezk to pay any child support in any particular amount.

In a divorce proceeding, the judgment of dissolution is the appealable final judgment. (Code Civ. Proc., § 904.1, subd. (a)(1); *In re Marriage of Turfe* (2018) 23 Cal.App.5th 1118, 1120, fn. 1.) Subsequent orders, such as an order modifying child support, may be appealable as an order made after a final, appealable judgment. (Code Civ. Proc., § 904.1, subd. (a)(2); *In re Marriage of Utigard* (1981) 126 Cal.App.3d 133, 146.)

"However, not every order following a final judgment is appealable. [Citation.] To be appealable, a postjudgment order must '"either affect the judgment or relate to it by enforcing it or staying its execution."' [Citation.] In particular, postjudgment orders that

5

'lack[] finality in that they [are] also preparatory to later proceedings' fail this test and are not appealable. [Citation.] In divorce cases, this rule has been applied to dismiss appeals from orders that contemplated further proceedings. [Citations.]" (*In re Marriage of Olson* (2015) 238 Cal.App.4th 1458, 1462.)

Here, the trial court's order contemplated further proceedings — i.e., that the parties' counsel would meet and confer; then they would either (1) agree on a monthly child support amount, and return to the court for it to enter an order to pay that amount, or (2) fail to agree on a monthly child support amount, and return to the court for it to decide the appropriate amount and to enter an order to pay that amount.

It follows that the trial court's rulings regarding child support are interlocutory and nonappealable.

III

THE ATTORNEY FEE RULING

With regard to attorney fees, Rezk argues:

(1) In light of the evidence — including Rezk's disability, his income, Stephanie's income, and Stephanie's failure to submit her tax returns and financial statements — the trial court erred by ordering him to pay her attorney fees.

(2) The trial court displayed "bias" and "racism."

(3) The trial court's comments show that it had prejudged the award of attorney fees.

(4) The trial court's comments show that it erroneously relied on an earlier ruling by Commissioner Belinda Handy.

(5) The trial court erroneously failed to make any findings.

(6) The trial court did not allow enough time for trial, which prevented Rezk from calling Stephanie.

A.     *The Sufficiency of the Evidence*.

Rezk contends that the attorney fee order is not supported by the evidence. He has forfeited this contention by failing to give us an adequate record.

"'[[T]he appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594,609.)

The trial lasted five days. Rezk has given us a reporter's transcript only from January 7, 2020 — the last of those five days. He argues that the only issues in this appeal relate to child support and attorney fees, and that these matters "were only heard for the first time" on January 7, 2020. (Bolding and underlining omitted.) However, precisely because he has not given us reporter's transcripts from the first four days of trial, he cannot show that that is true. The trial court was entitled to rely on any relevant testimony presented during the first four days of trial when it ruled on the child support and attorney fee issues. Significantly, Stephanie testified — and was then excused — on January 6. Thus, we are lacking any relevant testimony that she may have given.

We also do not have any of the exhibits. At the end of the trial, the exhibits were returned to the party who submitted them. Hence, the only way Rezk could put them in front of us was to make a request for the transmission of exhibits. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2021) ¶ 4:308, p. 4-78.) This would have required him to "serve and file a notice in superior court designating such exhibits" (Cal. Rules of Court, rule 8.224(a)(1)) and to serve a copy of the notice on us. (*Id*., rule 8.224(a)(3).) Doing so would have authorized him to send the exhibits in his possession to us. (*Id*., rule 8.224(b)(2).) Moreover, it would have required Stephanie to send the exhibits in her possession to us. (*Ibid*.)

He did not do so. Instead, he took two different steps, both ineffective.

First, in his notice designating the record (see Cal. Rules of Court, rule 8.121), he designated Exhibits 4 through 7. He also attached what he labeled as Exhibits 4 through 7. However, because the exhibits had already been returned to the parties, the superior court clerk could not include them. Moreover — as the clerk noted — the exhibits he attached did not match the description of those exhibits in the record.[1] Thus, this designation was ineffective.

Second, he submitted a binder containing what he claimed were Exhibits 13 through 25. This was ineffective, for three reasons. First, in the absence of a request for transmission, a party cannot just up and send us purported exhibits. Second, Rezk sent us

---

[1] For example, the genuine Exhibit 4 consisted of "[p]hotos (total of 8) of school events . . . ." The "Exhibit 4" that Rezk attached to his notice was a letter from the United States Office of Personnel Management.

the binder too late.  A request for transmission must be made within 10 days after the respondent's brief is filed.  (Cal. Rules of Court, rule 8.224(a)(1).)  Rezk did not send us the binder until some 18 days after the respondent's brief was filed.  Third, we have no way of knowing whether the exhibits are authentic.  Only three of them have clerk's exhibit tags.

Finally, even assuming we could somehow accept the binder, Rezk himself asserts that we also need two of Stephanie's exhibits to resolve this appeal — Exhibits K and L.  However, because he never made a request for transmission, Stephanie has no obligation to send them to us.  Rezk correctly notes that a respondent can also have exhibits included in the clerk's transcript and can also request their transmission.  Unlike an appellant, however, a respondent has no *duty* to do so.

Finally, for completeness's sake, we acknowledge rule 8.163 of the California Rules of Court, which provides, "The reviewing court will presume that the record in an appeal includes all matters material to deciding the issues raised."  However, this is merely a presumption.  On this record, it has been rebutted.

B.	*Judicial Bias*.

If the trial judge displayed bias on the record that we do have, Rezk has met his burden of showing error and does not need to supply the remaining record.  Therefore, we do not reject this claim for lack of an adequate record.

We must reject it, however, because we lack jurisdiction to address it.  An appellate court can review a claim of judicial bias only by writ; it cannot review such a

claim on appeal. (Code Civ. Proc., § 170.3, subd. (d); *People v. Lucas* (2014) 60 Cal.4th 153, 304, disapproved on other grounds in *People v. Romero and Self* (2015) 62 Cal.4th 1, 53, fn. 19; *Roth v. Parker* (1997) 57 Cal.App.4th 542, 547-549.)

We also reject it because Rezk failed to raise it below. A claim that a judge is disqualified for bias must be raised "at the earliest practicable opportunity after discovery of the facts constituting the ground for disqualification." (Code of Civ. Proc., § 170.3, subd. (c)(1).) The failure to do so forfeits the claim. (*Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1038.)

We also note that Rezk has not demonstrated so much as a hint of bias. "'[A] judge's "rulings against a party — even when erroneous — do not establish a charge of judicial bias, especially when they are subject to review."' [Citation.]" (*People v. Silveria and Travis* (2020) 10 Cal.5th 195, 320, fn. omitted.)

C.      *Prejudging the Attorney Fee Issue*.

In a similar vein, Rezk contends that the trial court made comments showing that it had prejudged the attorney fee issue.

This is fundamentally an accusation of bias or prejudice. Accordingly, it fails for the reasons stated in part III.B, *ante*. We also reject it for the following alternative reasons

Rezk complains of the following remarks by the trial court at the beginning of the last day of trial:

10

(1) " . . . I believe he should step up and make a substantial additional contribution."

(2) " . . . I'm going to make an order and I'm pretty comfortable in making the order based on a whole lot of reasons . . . ."

(3) "I still think I'm going to make an award. The exact amount I'm not settled on."**2**

Any objection to these remarks fails for lack of an adequate record. To prevail, Rezk would have to show that the trial court had not *already* heard any substantial evidence relevant to attorney fees. If it had heard such evidence, there would be nothing wrong with it telling the parties, for their guidance, which way it was leaning based on the evidence presented so far. (*Hansen v. Hansen* (1965) 233 Cal.App.2d 575, 585.) None of these remarks went beyond this permissible scope.

Rezk also complains about the trial court's remarks on the relationship between the attorney fee issue and a certain signing bonus issue. On the third day of trial, the trial court had ruled that Rezk owed Stephanie half of a $45,000 signing bonus. Counsel for Rezk requested reconsideration of that ruling. On the last day of trial, the trial court granted reconsideration and reversed itself, denying Stephanie any share of the signing bonus.

---

**2**     Rezk also cites the trial court's remark, "I don't think it's worth spending a whole lot of time on . . . ." "It," however, referred to whether Rezk had paid $5,000 of the attorney fees previously ordered, as Stephanie's counsel claimed, or $8,500, which was the trial court's recollection. This was indeed not significant.

It then said: "But I'm just putting it on notice that one of the things that I was considering was that [Rezk] was to pay this signing bonus business, is the only reason I'm bringing up the attorney's fee issue now. And I was counting on that money being in [Stephanie's] pocket as for some of her attorney's fees . . . I think I need to reevaluate where I was going with the attorney's fee issue on that question.

"I just want to point it out to counsel so it didn't look like I was . . . flimflamming anybody here, 'Okay I take it away here and put it in her pocket another way.' I think that may be the end result of this. And I just want you to understand right upfront where I'm coming from."

Rezk's counsel responded, " . . . I told the Court yesterday in chambers we would like the opportunity to present argument on that today. . . . I understand what you're saying, but I am hopeful you'll at least consider the evidence that we put on today . . . before you make your final ruling." The trial court said, "No, I will and I intended to." Rezk's counsel replied, "Understood."

In Rezk's view, this exchange shows that the trial court had predetermined that it would make some award to Stephanie, regardless of the facts and the law. That is not how his counsel took it, and that is not what the trial court said.

"[T]he court's decision on a request for . . . fees must be based upon (1) an assessment of the parties' respective income and needs, (2) whether there is a disparity in their respective access to funds to retain legal counsel, and (3) whether one party is able to pay for legal representation of both parties. [Citations.]" (Hogoboom & King, Cal.

12

Practice Guide: Family Law (The Rutter Group 2021) ¶ 14:155, p. 14-58, italics omitted.)

If the $22,500 went to Rezk instead of Stephanie, that made a net $45,000 change in their respective access to funds and ability to pay. The trial court could properly take this into consideration. It did not say it was determinative; it specifically said it was *not* just taking money out of Stephanie's "pocket" and then putting it back another way. It said it would listen to the evidence before making its final ruling. Its remarks on this point were perfectly appropriate.

D.      *Reliance on Commissioner Handy's Ruling.*

The trial court also commented, "[W]e still have the issue of whether or not [Rezk] should pay a portion . . . of [Stephanie]'s attorney's fees in this case. And just round general numbers, [Stephanie] has incurred about $130,000 in attorney's fees in this case. And there was a time in the past when a prior Court made an order that there was a disparity in income, and he needed to compensate her in some amount. At that time, they basically ordered . . . $10,000, of which only [$]8[,]500 was paid . . . ."

According to Rezk, this refers to an order by Commissioner Handy on May 26, 2017. In his view, it shows that the trial court did not independently consider whether there was an income disparity and did not look at the circumstances in 2020.

There is no indication, however, that the trial court *relied* on Commissioner Handy's previous order in any way. To the contrary, it went on to acknowledge that, since that order, there were changed circumstances: "his accident," "his losing his job," he's now only getting disability income and all these other claims . . . ." "At the time the

13

prior Court made its order, there was a significant differential in income. [¶] And subsequently I think there's a change in that to some degree . . . ." It then proceeded to hear additional testimony and to admit additional exhibits.

In sum, the trial court merely referred briefly to Commissioner Handy's order as part of the past history of the case. Rezk has not shown that this was error.

E.      *Failure to Make Findings*.

Family Code section 2030, subdivision (a)(2) provides: "When a request for attorney's fees and costs is made, the court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties."

Arguably, if the trial court erroneously failed to make findings, the current record — which includes the register of actions and a reporter's transcript of the last day of trial — would be sufficient to demonstrate that. Therefore, we do not reject this claim for lack of an adequate record.

We do reject it, however, because even assuming Rezk is correct, he cannot show prejudice. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.) To do so, he would have to show that "'there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached.' [Citation.]" (*Elsner v. Uveges* (2004) 34 Cal.4th 915, 939.)

14

"'In general, the failure to make a material finding on an issue supported by the pleadings and substantial evidence is harmless when the missing finding may reasonably be found to be implicit in other findings. [Citation.] The court's failure to make findings is also harmless when, under the facts of the case, the finding would necessarily have been adverse to the appellant. [Citation.]' [Citation.]" (*In re Marriage of Lusby* (1998) 64 Cal.App.4th 459, 470.)

Given that the trial court did award $30,000 in attorney fees, it found, at least implicitly, that (1) an award of attorney fees was appropriate; (2) there was a disparity in access to funds; and (3) Rezk was able to pay $30,000. Rezk does not explain how the outcome would have been different if the trial court had made these findings explicitly. Without an adequate record, he cannot show that, in light of the evidence, the trial court might otherwise have found in his favor.

F.     *Adequate Time for Trial*.

On the last day of trial, the trial court said, "We need to get done today because they won't have me come back to finish this trial if we don't." Rezk therefore contends that he did not have enough time for trial, and specifically that he was unable to call or cross-examine Stephanie.

He forfeited this contention by failing to raise it below. "'It is axiomatic that arguments not raised in the trial court are forfeited on appeal.' [Citation.]" (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1074.) We also note that Stephanie did testify, on the third day of trial. Rezk's counsel chose not to cross-examine

15

her and let her be excused; thus, he forfeited the right to recall her.  Finally, on this record, Rezk cannot show that her testimony was not sufficient.

IV

DISPOSITION

The appeal, to the extent that it is taken from the trial court's rulings regarding child support, is dismissed; to the extent that it is taken from the order awarding attorney fees, that order is affirmed.  Stephanie is awarded costs on appeal against Rezk.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.

16