Filed 8/27/24  Marriage of Yu CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re Marriage of DAVID and CAROLYNE YU. | |
| DAVID YU, Respondent, v. CAROLYNE YU, Appellant. | G063188 (Super. Ct. No. 99D005154) O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Julie A. Palafox, Judge. Dismissed. Motion to augment denied.

Law Offices of Lisa R. McCall, Lisa R. McCall and Erica M. Barbero for Appellant.

Law Offices of Lemkin, Barnes & Row, Wm. Curtis Barnes, Jr., and Cheryl Anne Row for Respondent.

*          *          *

In this purported appeal, we conclude we lack jurisdiction to consider the challenges made by Carolyne Yu (Tsai) to a nonappealable postjudgment order. (See *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651–652 (*Lakin*) [listing factors to determine appealability of postjudgment orders]; *In re Marriage of Olson* (2015) 238 Cal.App.4th 1458, 1462 (*Marriage of Olson*) [applying *Lakin* to postjudgment orders in divorce cases].) Although we have the power to treat a faulty appeal as a petition for writ of mandate (*Marriage of Olson*, at p. 1462), we decline to exercise it here because the circumstances are not sufficiently "unusual" to warrant it (*Olson v. Cory* (1983) 35 Cal.3d 390, 401 (*Olson*)). For these reasons, the appeal is dismissed.[1]

FACTS

Many years after their divorce, Tsai and David Yu returned to court to dispute the division of company stock held as community property, among other issues. The parties stipulated to a private temporary judge, who would preside over submitted issues "until the conclusion . . . or December 31, 2021 [(the stipulated deadline)], whichever occurs first." On January 10, 2023, which was well after the stipulated deadline, the temporary judge issued a tentative ruling adverse to Tsai on the first of 17 submitted issues.

A month later, Tsai filed a request for order (RFO) asking the trial court to find the temporary judge's appointment had expired over a year

---

[1] We also deny Tsai's motion to augment the record because the documents requested are not relevant, given the dismissal of this appeal.

ago and to vacate all orders issued by the temporary judge after the stipulated deadline. The court denied the RFO, finding the parties, by their conduct, impliedly consented to the temporary judge's continuing jurisdiction to decide the remaining 16 issues. The court's ruling spans two orders: one filed April 17, 2023, and another filed October 4, 2023 (collectively, the 2023 RFOs).

Tsai timely filed a notice of appeal from the 2023 RFOs. She concedes the trial court was within its discretion to find that because she participated in the hearing on the first issue, she impliedly consented to the temporary judge's jurisdiction on that issue. But Tsai argues the same cannot be said for the remaining issues, which had been bifurcated from the first issue and hadn't yet been tried.

## DISCUSSION

"'The existence of an appealable judgment [or order] is a jurisdictional prerequisite to an appeal.'" (*In re Marriage of Tim & Wong* (2019) 32 Cal.App.5th 1049, 1052.) For this reason, we are "'dutybound to consider it on our own motion' [citation] and dismiss on our own motion if necessary [citation]." (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1216.)

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) An order "is appealable when it is made so by statute." (*Ibid.*) Tsai contends the

3

2023 RFOs[2] are appealable as "order[s] made after a judgment." (Code Civ. Proc., § 904.1, subd. (a)(2).) We disagree.

Not every postjudgment order is appealable. To be appealable, a postjudgment order must: (1) involve issues different from those addressed in the underlying judgment; (2) relate to the enforcement of the judgment (*Lakin, supra*, 6 Cal.4th at pp. 651–652); and (3) finally adjudicate the rights of the parties related to the order (*Marriage of Olson, supra*, 238 Cal.App.4th at p. 1462). "[P]ostjudgment orders that 'lack[ ] finality in that they [are] also preparatory to later proceedings' fail this test and are not appealable. [Citation.] In divorce cases, this rule has been applied to dismiss appeals from orders that contemplated further proceedings." (*Marriage of Olson*, at p. 1462.)

Missing here is the third prong. Tsai appealed from the 2023 RFOs, which determined the temporary judge had jurisdiction to preside over the remaining issues submitted to him. The 2023 RFOs thus were "preparatory to later proceedings" (*Lakin, supra*, 6 Cal.4th at p. 653) and nonappealable.

Tsai offers two cases (but no pincites) to support her claim of appealability: *Gridley v. Gridley* (2008) 166 Cal.App.4th 1562 (*Gridley*); and *DeWolfe, supra*, 93 Cal.App.5th 906. Neither persuades us.

*Gridley*, as relevant here, concerned a petition under Probate Code section 17200, subdivision (b), and a temporary judge's order

---

[2] "In family law proceedings under the Family Code, the term 'request for order' (RFO) 'has the same meaning as the terms "motion" or "notice of motion" when they are used in the Code of Civil Procedure.'" (Rules of Court, rule 5.92(a)(1)(A).)" (*In re Marriage of DeWolfe* (2023) 93 Cal.App.5th 906, 908, fn. 3 (*DeWolfe*).)

determining he had authority to decide certain issues raised in the petition. (*Gridley*, *supra*, 166 Cal.App.4th at pp. 1576–1577.) The reviewing court concluded the temporary judge's order was "'made appealable by the provisions of *the Probate Code . . . .*' (Code Civ. Proc., § 904.1, subd. (a)(10).)" (*Gridley*, at p. 1586, italics added.) Our non-probate case is therefore distinguishable.

The appeal in *DeWolfe* was from a private temporary judge's rulings on competing RFOs for accounting "as to certain stock that was the subject of a marital settlement agreement," as well as her findings that the ex-husband's account was "sufficient" and that, as result, the ex-wife's accounting RFO was moot. (*DeWolfe*, *supra*, 93 Cal.App.5th at p. 908, 912.) The reviewing court concluded the temporary judge lacked jurisdiction to rule on the RFOs. (*Id.*, at p. 912.) *DeWolfe* is distinguishable because the issue of jurisdiction was decided *after* the temporary judge had decided the merits of the dispute—thereby satisfying the third requirement that the postjudgment order finally adjudicate the parties' rights. (*Lakin*, *supra*, 6 Cal.4th at p. 653); *Marriage of Olson*, *supra*, 238 Cal.App.4th at p. 1462.)

While we have the power to treat the purported appeal as a petition for writ of mandate (*Marriage of Olson*, *supra*, 238 Cal.App.4th at p. 1462), we should exercise that power only "under unusual circumstances" (*Olson*, *supra*, 35 Cal.3d at p. 401). In *Olson*, our high court found such circumstances present, including: "the lack of an adequate remedy at law" because requiring the parties to wait for final judgment might lead to unnecessary trial proceedings; the record and briefs in the current case "include in substance the elements necessary to a proceeding for writ of mandate"; "the issue of appealability was far from clear in advance"; the parties represented all issues in the case had been resolved except for the one

5

presented on appeal; and all parties "strongly urge[d]" review rather than dismissal. (*Ibid*.) The Court thus concluded that dismissal "rather than exercising [its] power to reach the merits through a mandate proceeding would, under the unusual circumstances before [it], be "'unnecessarily dilatory and circuitous."'" (*Ibid*.)

Here, like in *Olson*, the record and briefs are amenable to writ review, and the parties urge us to review the merits of the appeal rather than dismiss it. But unlike in *Olson*, the appealability issue was clear, and there are still several pending issues to resolve between the parties. Finally, we are unpersuaded there will be a lack of an adequate remedy at law, if the parties are made to wait until final judgment. For these reasons, we conclude this case does not present "unusual circumstances" justifying treatment of this appeal as a writ petition. (*Olson*, *supra*, 35 Cal.3d at p. 401.)

## DISPOSITION

Appellant's motion to augment is denied. The appeal from the postjudgment order is dismissed. Respondent shall recover costs on appeal.



DELANEY, J.

WE CONCUR:


MOORE, ACTING P. J.


MOTOIKE, J.

6